# JOHN A. OWEN *et al.*

### *v.*

## AUGUST APEL.

1. INTERPLEADER—*jurisdiction of cross-bill.* On bill of interpleader against A and B, to have it determined to whom money in the hands of plaintiff belonged, each of the defendants claimed the same, and one of them filed a cross-bill, setting up that there was a much larger sum in the plaintiff's hands collected by him as an attorney, and praying for a discovery and an account. It was urged that the court had no jurisdiction of the cross-bill, and could not give relief under it: *Held,* that the court had jurisdiction, and that the cross-bill was properly filed, as it related to the subject matter of the bill of interpleader, and was necessary to bring all the equities of the parties before the court.

2. MONEY PAID FOR ANOTHER—*right to recover for same.* Where a party, after the sale of a note by him, pays money in costs in a suit to collect the same, without the request of the purchaser, and with a view of appropriating the money due on the note, when collected, to his own use, he will have no claim on the owner of the note for the money so paid by him.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

This was a bill of interpleader, filed by John A. Owen against Robert Saracon and August Apel, alleging that the plaintiff had in his hands $114, which was claimed by each of the defendants. Each of the defendants answered and

claimed the money in plaintiff's hands, Apel claiming that there was $500 in his hands, instead of $114. The latter also filed a cross-bill, setting forth the facts of the case, and calling for a discovery and an account.

It appeared that the note collected by Owen was sent to him for collection, and that Saracon paid about $12 in costs of suit in collecting the note, but it did not appear that he paid the same at Apel's request.

On the hearing, the court found that there was in the hands of Owen $228, which he was ordered to pay to Apel, with interest, and required each party to pay his own costs. From this decree Owen and Saracon each appealed.

Mr. ISRAEL HOLMES, for appellant Owen.

Mr. D. E. K. STEWART, for appellant Saracon.

Mr. FRANK A. JOHNSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The appellant Owen, commenced this suit by bill of interpleader against the appellee and the appellant Saracon, claiming that he had in his hands $114 which he had collected as an attorney at law, and which was claimed by each of them, and asking that the court decree to whom it belonged. Saracon answered, admitting the amount of money to be in the hands of Owen, as alleged in his bill, and claiming that it belonged to himself. Apel answered, admitting that Owen had collected and had in his hands the amount stated in his bill, but denying that this was the true amount, and that Saracon had any interest in it. He claimed that, instead of $114 only being in Owen's hands, there were $500 in his hands, which he had collected, and which belonged to the respondent. Apel also filed a cross-bill, giving a history of the transaction, and charging, as in his answer, that Owen had in his hands some $500, instead of $114, which belonged

to him; that Saracon had no interest in it, and praying that Owen be required to discover and make known the amount in his hands, and that the same be decreed to himself, after the payment of attorney's fees due for its collection.

Owen answered, denying that he held $500, but reasserting that the amount was $114, as stated in his bill.

The court, after hearing the evidence, found that there was collected by Owen $528, of which he had already paid Apel $150; that he was entitled to retain $150 for his attorney fees; and decreed that he should pay the residue ($228), with interest thereon at the rate of six per cent per annum from September 18, 1871, to Apel, and that each party pay his own costs.

It is insisted that the court below had no jurisdiction over the case made by the cross-bill, and that the decree is therefore unauthorized.

The cross-bill was confined to the subject matter of the bill of interpleader, and it was necessary, to bring all the equities of the parties before the court. The court had jurisdiction of the parties and of the subject matter of the controversy. There was charged the betrayal of a trust, and it was necessary that discovery should be made and an account taken. Under the circumstances, we perceive no objection to the filing of the cross-bill.

It is also insisted that the evidence does not sustain the decree.

The evidence clearly preponderates that Saracon absolutely sold and transferred the note to Apel on the 29th day of October, 1861, and that when it was placed in Owen's hands for collection, and when collected, he had no interest in it whatever. If Owen was misled as to the ownership of the note, it was by trusting to Saracon's word, and not from what was said or done by Apel. It is unnecessary to review the evidence; we are perfectly satisfied with the conclusion upon it to which the court below arrived. The allowance of interest was, under the circumstances, equitable.

Saracon has no claim to be reimbursed for costs he may have paid. He was not requested by Apel to pay them, but, in what he did, was acting for himself, seeking to possess himself of that which did not belong to him.

The decree of the court below is affirmed.

*Decree affirmed.*